Chase J. Potter
Texas Bar No. 24088245
Joshua L. Shepherd
Texas Bar No. 24058104
Benjamin L. Weible
Texas Bar No. 24068834
Ryan M. Anderson
Texas Bar No. 24143563
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536
potter@imcplaw.com
shepherd@imcplaw.com
weible@imcplaw.com
anderson@imcplaw.com

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ANIMO SERVICES, LLC** | § | **Case No. 23-30035-MVL-7** |
| | § | |
| ***Debtor*.** | § | |

| | | |
|---|---|---|
| | § | |
| **AREYA HOLDER AURZADA, TRUSTEE,** | § | |
| ***Plaintiff*,** | § | |
| | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03017-mvl** |
| | § | |
| **BLACKSTONE INVESTMENTS I, LTD.,** | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |

# APPENDIX IN SUPPORT OF TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT BLACKSTONE INVESTMENTS I, LTD.

| Exhibit | Appendix Page Range | Description |
|---|---|---|
| A | App. 001 - 021 | Trustee's First Set of Discovery to Defendant Blackstone Investments I, LTD. |
| B | App. 022 – 038 | Defendant Blackstone Investments I, LTD.'s Objections and Responses to Trustee's First Set of Discovery |
| C | App. 039 – 041 | October 1, 2026 email from Trustee's counsel to Defendant's counsel |

Respectfully submitted,

*/s/ Benjamin L. Weible*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**BENJAMIN L. WEIBLE**
Texas Bar No. 24068834
E-Mail: weible@imcplaw.com
RYAN M. ANDERSON
Texas Bar No. 24143563
E-Mail: anderson@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND SPECIAL COUNSEL FOR TRUSTEE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, contemporaneously with its filing, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case.

*/s/ Benjamin L. Weible*
BENJAMIN L. WEIBLE

# EXHIBIT A

Outlook

**ASL/Blackstone -- service email -- Trustee's First Set of Discovery to Defendant**

**From** Anna Richardson <anna@imcplaw.com>
**Date** Mon 2026-07-27 17:35
**To** Trey Crawford <tcrawford@cwl.law>; Michael Lang <mlang@cwl.law>; Ali Ohlinger <aohlinger@cwl.law>; Gracen Moreno <gmoreno@cwl.law>; David Akere <dakere@cwl.law>; Cindy Lewis <paralegal3@cwl.law>
**Cc** Chase Potter <potter@imcplaw.com>; Joshua Shepherd <shepherd@imcplaw.com>; Ben Weible <weible@imcplaw.com>; Emily Cabrera <emily@imcplaw.com>

1 attachment (308 KB)
07.27.26 -- Trustee's First Set of Discovery to Defendant (ASL-Blackstone).pdf;

Counsel,

Attached please find the Trustee's First Set of Discovery to Defendant.

Thanks,
Anna

Anna Olin Richardson
**Iacuone | McAllister | Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Office: 214-432-1536
Cell: 425-829-9852
E-mail: anna@imcplaw.com

www.imcplaw.com

Chase J. Potter
Texas Bar No. 24088245
Joshua L. Shepherd
Texas Bar No. 24058104
Anna Olin Richardson
Texas Bar No. 24102947
potter@imcplaw.com
shepherd@imcplaw.com
anna@imcplaw.com
IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536

COUNSEL FOR THE AGENT AND
SPECIAL COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ANIMO SERVICES, LLC** | § | **Case No. 23-30035-MVL-7** |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| | § | |
| **AREYA HOLDER AURZADA, TRUSTEE,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. No. 25-03017-mvl** |
| **v.** | § | |
| | § | |
| **BLACKSTONE INVESTMENTS I, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

**TRUSTEE'S FIRST SET OF DISCOVERY TO DEFENDANT BLACKSTONE INVESTMENTS I, LTD.**

TO: Defendant Blackstone Investments I, Ltd. ("Blackstone"), by and through its counsel of record, Trey Crawford, Michael J. Lang, Alexandra Ohlinger, Gracen Moreno, and David M. Akere, CRAWFORD WISHNEW & LANG PLLC, 1700 Pacific Avenue, Suite 2390, Dallas, Texas 75201.

Plaintiff Areya Holder Aurzada, Trustee ("Plaintiff" or "Trustee") hereby serves this First Set of Discovery on Defendant Blackstone Investments I, Ltd. ("Blackstone" or "Defendant") in connection with the above-referenced Adversary Proceeding. Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure, Blackstone is required to provide its responses to the discovery requests set forth herein, and produce any responsive documents and/or other materials, within thirty (30) days.

Respectfully submitted,

*/s/ Chase J. Potter*

**CHASE J. POTTER**
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com
**JOSHUA L. SHEPHERD**
Texas Bar No. 24058104
E-Mail: shepherd@imcplaw.com
**ANNA OLIN RICHARDSON**
Texas Bar No. 24102947
E-Mail: anna@imcplaw.com
**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone: (214) 432-1536

**COUNSEL FOR THE AGENT AND SPECIAL COUNSEL FOR TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2026, a true and correct copy of the foregoing document was served in accordance with the applicable Rules to counsel for Blackstone Investments I, Ltd.

*/s/ Chase J. Potter*
CHASE J. POTTER

## INSTRUCTIONS

1. Requests for Production:

All Documents shall either be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in each request.

All electronically stored information or magnetic data ("ESI") shall be produced as searchable PDF images, one PDF file per document, together with a load file in .DAT format containing the following metadata fields (with delimiters that divide such fields):

- Starting bates
- Ending bates
- Starting bates of family
- Ending bates of family
- Bates range of family
- Starting bates of parent
- Starting bates of each attachment
- File name of each attachment
- Custodians
- Document type
- File author
- File last author
- File created date
- File created time
- File last modified date
- File last modified time
- File last printed date
- File last printed time
- File last accessed date
- File last accessed time
- File company
- File title
- File names
- File extension
- File paths
- File size
- Page count
- Character count
- SHA1 hash
- MD5 hash
- Deduplication hash
- Email sender (From)
- To recipients
- Cc recipients
- Bcc recipients
- Email sent date
- Email sent time
- Email received date
- Email received time
- Email subject
- Email message ID
- Email in-reply-to ID
- Path to native file
- Path to text file
- Volume
- Normalized time zone

The following ESI formats/file types must be produced in native format: Excel/Spreadsheet, Audio, Video, PowerPoint, CSV, CAD, and any other non-standard ESI format. All documents produced in native format shall be identified by slipsheet containing the corresponding Bates number (*i.e.*, all documents produced in native format shall be accompanied by a Bates-numbered placeholder indicating as such).

Parent/child relationships must be maintained (*i.e.*, e-mail documents should be produced consecutively with their attachments).

You are required to produce all Documents requested within your possession, custody or control. Possession, custody or control includes constructive possession such that the person need

not have actual physical possession. As long as the person has the superior right to compel the production from a third party, the person has possession, custody or control.

Responsive Documents and materials shall be produced for inspection and copying at the law offices of Iacuone McAllister Potter PLLC c/o Chase J. Potter, Energy Square One, 4925 Greenville Ave., Suite 1112, Dallas, Texas 75206. In lieu of producing physical copies, responsive Documents and materials may be produced electronically by sending same to the following e-mail addresses: (1) potter@imcplaw.com and (2) emily@imcplaw.com

Unless expressly stated otherwise, each Request for Production shall be deemed to call for production of copies of the original document or documents, and any attachments or other materials appended thereto.

These Requests for Production are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

a. Specify the precise nature of the privilege claimed and the request or portion of the request to which the privilege applies;

b. State whether any document has been withheld based on the privilege asserted; and

c. Identify the document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim (*i.e.*, by specifying the date or approximate date of preparation, the nature of its contents, the name of its author, and the name of the business address of its custodian).

2. <u>Interrogatories:</u>

You must answer the Interrogatories set forth below separately and fully in writing under oath.

These Interrogatories are considered continuing and require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure.

3. <u>Requests for Admission:</u>

You must either admit or deny each Request for Admission set forth below. If a matter is not admitted or denied, the answer must state in detail why it cannot be truthfully admitted or denied. A denial must fairly respond to the substance of the matter and, when good faith requires that an answer be qualified or a request only be partially denied, the answer must specify the part admitted and qualify or deny the rest. Lack of knowledge or information may only be asserted as a reason for failing to admit or deny if the response states that a reasonable inquiry was made and

that the information known or that can be readily obtained is insufficient to enable an admission or denial.

4. In construing these requests along with the accompanying definitions and instructions, the plural includes the singular and the singular includes the plural; a masculine, feminine, or neutral shall not exclude the other genders; the words "and" and "or" are both conjunctive and disjunctive so as to require production of all documents responsive to the requests; "any" and "all" mean both "any" and "all"; "each" and "every" mean both "each" and "every;" and "including" means "including without limitation."

5. Unless otherwise specified, the requests set forth herein are limited to the time frame of January 1, 2021, to the present.

## DEFINITIONS

As used in these requests, the following terms should be understood to have the meanings listed below. If a request uses a term not defined herein, the term should be understood to have its ordinary meaning.

1. "Trustee" or "Plaintiff" means Areya Holder Aurzada, the Trustee in the Bankruptcy Case (as defined herein) and the plaintiff in the Adversary Proceeding (as defined herein).

2. "Blackstone," "Defendant," "You," or "Your" means Blackstone Investments I, Ltd., the defendant in the Adversary Proceeding (as defined herein), and any of its current or former general partners, limited partners, officers, directors, members, managers, employees, agents, principals, attorneys, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

3. "Toby" means Toby Neugebauer, and any of his agents, representatives, attorneys, and/or any other Person (as defined herein) acting on his behalf or at his direction.

4. "Melissa" means Melissa Neugebauer, and any of her agents, representatives, attorneys, and/or any other Person (as defined herein) acting on her behalf or at her direction.

5. "Skytop" means Skytop Holdings, LLC, the general partner of Blackstone, and any of its current or former officers, directors, members, managers, employees, agents, principals, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

6. "Animo," "ASL," the "Company," or the "Debtor" means Animo Services, LLC, and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

7. "GloriFi," "WPI," or "With Purpose" means With Purpose, Inc., and any of its current or former predecessors or successors in interest, affiliates, parents, subsidiaries, holding companies, officers, directors, members, managers, employees, agents, principals, board members, trustees, Representatives (as defined herein), and/or any other Person (as defined herein) acting on its behalf or at its direction.

8. "Family Office Card" means the credit card, charge card, or other account referred to in the Complaint (as defined herein) as the Neugebauers' "Family Office Card," together with all statements, charges, and payment records associated therewith.

9. "Transfers" means the payments totaling $194,638.21 made by the Debtor to Blackstone on December 17, 2021, December 31, 2021, and February 7, 2022, as set forth in paragraphs 11-12 of the Complaint (as defined herein).

10. "Adversary Proceeding" means the Adversary Proceeding pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, under Adv. No. 25-03017-mvl, styled *Areya Holder Aurzada, Trustee, v. Blackstone Investments I, Ltd.*

11. "Bankruptcy Case" means the Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, under Case No. 23-30035-mvl-7, styled *In re: Animo Services, LLC*.

12. "Complaint" means Trustee's First Amended Complaint, and any amended or supplemental complaints, in the Adversary Proceeding.

13. "Petition Date" means January 4, 2023.

14. "Person" or "Persons" means all individuals and entities including, without limitation, all natural persons, sole proprietorships, organizations, associations, companies, limited liability companies, holding companies, partnerships, joint ventures, affiliates, subsidiaries, parent entities, limited partnerships, corporations, firms, service providers, and/or any other individuals or entities having a separate identification, recognized in law or in fact.

15. "Representative" or "Representatives" means any agent, employee, officer, director, manager, member, board member, executive, trustee, attorney, or any other Person (as defined herein) acting on behalf of (or at the direction of) any of the referenced Persons or entities.

16. "Document" or "Documents" shall have the fullest scope permitted under the Federal Rules of Civil Procedure / Federal Rules of Bankruptcy Procedure and includes, but is not limited to, any documents or electronically stored information such as writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. The term "Document" or "Documents" further includes, but is not limited to, identical or non-identical copies or drafts, regardless of origin or location, and any record of any type or description, whether handwritten, typed, printed, punched, taped, filed, transcribed or otherwise created, regardless of whether it is produced, reproduced or stored on discs, tapes, cards or other computer or electronic devices or electronically compiled or stored information, including electronically stored information such as text messages, emails, and instant messages.

17. “Communication” or “Communications” means any transmission or exchange of information (including the transmission or exchange of any Documents) whether orally, in writing, or otherwise (*e.g.*, through mail), and includes without limitation, any conversation, letter, note, memorandum, intrafirm or intraoffice correspondence, telephone calls, including voicemails, telegraphs, telexes, telecopies, facsimile transmissions, cables, conferences, tape recordings, discussions, electronic transmissions, including but not limited to emails, text messages, and instant messages, or face to face communications.

18. “Identify” means:

(a) when used in reference to an individual, to state his or her full name, his or her present or last known address, his or her e-mail address, his or her telephone number, the full name and present or last known address of his or her employer or business, and his or her position with such employer or business.

(b) when used in reference to a corporation, partnership, unincorporated association, or other entity, to state its full name and its present or last known address.

(c) when used in reference to a document, to state the date, author, type of document, and general subject matter of same. If any document was, but is no longer, in your possession or custody or subject to your control, you are instead requested to provide a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

(d) when used in reference to a statement, a representation, a directive or other information, state the date it was made, the location where it was made, the location where it was received (if other than the location where it was made), and its specific content.

19. “Regarding” or “regarding” means directly or indirectly relating to, pertaining to, referring to, concerning, describing, evidencing, depicting, or constituting.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents identified in, described in, or supporting Your Initial Disclosures served in the Adversary Proceeding, including all Documents within the categories of "Financial records regarding expenses" and "Transaction Records."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All Documents regarding Your formation, ownership, membership interests, partnership interests, capitalization, and management, including without limitation Your certificate of formation, limited partnership agreement or company agreement and all amendments, and Documents sufficient to identify each of Your general partners, limited partners, officers, directors, managers, and employees from formation through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All of Your financial statements, balance sheets, income statements, general ledgers, and accounting records for the period January 1, 2021, through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All of Your federal and state tax returns, including all schedules and K-1s, for tax years 2021 through 2023.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to identify every bank account maintained by You or for Your benefit from January 1, 2021, through the present, including the authorized signatories on each account.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All bank account statements, wire transfer records, ACH records, cancelled checks, and other account documents regarding Your bank account at Frost Bank with an account number ending in 0119 for the period of October 1, 2021, through March 31, 2022, including all transaction histories, account statements, and wire confirmation notices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All bank account statements, wire transfer records, ACH records, cancelled checks, and other account documents regarding transfers to You from the Debtor's bank account at Frost Bank with an account number ending in 2975 for the period of October 1, 2021, through March 31, 2022, including all transaction histories, account statements, and wire confirmation notices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All Documents, including without limitation any promissory note, loan agreement, credit agreement, written acknowledgment of indebtedness, board resolution, or other written instrument evidencing or reflecting any obligation by the Debtor to repay to You the $194,638.21 comprising the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All Communications between You and any Representative of the Debtor regarding the terms, conditions, interest rate, maturity date, repayment schedule, or any other aspect of any obligation of the Debtor to repay to You the $194,638.21 comprising the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All Documents and/or Communications regarding the characterization, classification, and/or treatment of the $194,638.21 comprising the Transfers, including without limitation Documents and/or Communications designating any portion of the Transfers as a "related party" transaction, an "inter-company payable," a repayment of "loans," or an advancement of expenses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All Documents regarding, reflecting, or relating to any expenses You contend You advanced on behalf of the Debtor, including without limitation invoices, receipts, expense reports, and accounting entries substantiating each such expense, for the period January 1, 2021, through the Petition Date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All Documents reflecting any loans or advances made by You to the Debtor from January 1, 2021, through the Petition Date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All Documents reflecting any capital contributions or investments made by You in the Debtor from January 1, 2021, through the Petition Date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All Communications between You and any Representative of the Debtor regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All Communications between You and Toby regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All Communications between You and Bryan Joiner regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All Communications between You and Gardner Bell regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All Communications between You and William Conroy regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All Communications between You and Jin Kang regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All Documents regarding, reflecting, or relating to any instruction, direction, or authorization by any Person for the Debtor to transfer any portion of the Transfers to You, including without limitation all wire transfer instructions, e-mails, text messages, and payment authorizations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** To the extent not encompassed by a previous Request, all Communications on December 17, 2021, December 31, 2021, and/or February 7, 2022, regarding the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the Family Office Card, including without limitation all statements, charge records, and payment records for the Family Office Card for the period October 1, 2021, through March 31, 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All Documents and/or Communications regarding any payment made toward the Family Office Card using any portion of the funds comprising the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Documents sufficient to identify each Person authorized to incur charges on the Family Office Card and each Person responsible for paying the Family Office Card.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All board minutes, meeting minutes, written consents of directors, officers, general partners, or managers, partnership resolutions, or other corporate or partnership authorization documents of You and/or the Debtor authorizing, reflecting, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials exist, You must state "none."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All organizational charts, structure charts, or similar Documents regarding You, Skytop, and/or the relationship between You and Skytop, for the period January 1, 2018, through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Documents sufficient to show the ownership or membership interests of Toby and Melissa in You, individually and collectively, from January 1, 2018, through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All Documents regarding any business, transaction, or financial relationship between You and the Debtor other than the Transfers, for the period January 1, 2021, through the Petition Date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All text messages and messaging-application Communications—including without limitation iMessage, WhatsApp, Signal, and any other messaging platform or application, whether on personal or business devices or accounts—sent or received by any of Your general partners, limited partners, officers, or Representatives regarding the Transfers or the Family Office Card.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All Documents regarding the financial condition, liquidity, solvency, or capital position of the Debtor from the time of its formation through the Petition Date, including without limitation cash position reports, burn-rate models, financial projections, and board presentations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All Documents and/or Communications regarding Your knowledge, prior to December 17, 2021, of the Debtor's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All Documents and/or Communications regarding Your knowledge, prior to December 17, 2021, of any creditors of the Debtor that had not yet been repaid.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All Documents supporting Your Affirmative Defense that You are entitled to an offset for amounts allegedly owed to You by the Debtor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All Documents supporting Your Affirmative Defense that the Transfers were payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and You and were made according to ordinary business terms.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All Documents supporting Your Affirmative Defense that the Debtor received reasonably equivalent value for the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All Documents supporting Your Affirmative Defense that Plaintiff is estopped from asserting the claims in this Adversary Proceeding because the Transfers benefitted the "Debtor and were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any agreement, arrangement, or understanding by which any Person other than You is paying, advancing, indemnifying, or reimbursing Your attorneys' fees or litigation expenses in this Adversary Proceeding.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Documents sufficient to show the date, scope, and recipients of any litigation hold or preservation notice issued regarding the Adversary Proceeding or the Bankruptcy Case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** All Documents, analyses, or expert reports You intend to use or rely upon regarding the Debtor's financial condition at the time of the Transfers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** All Documents regarding any expert witness whom You intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** The curriculum vitae or resume of each expert witness whom You intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All Documents that You intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding.

**RESPONSE:**

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by Bates number each and every document produced by You in response to Request for Production No. 1.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify each Person who directed, authorized, approved, or effectuated the Transfers on Your behalf, and describe the role of each such Person and the authority under which each acted.

**RESPONSE:**

**INTERROGATORY NO. 3:** State all facts supporting Your contention, if You so contend, that the Transfers constituted repayment of a legitimate debt owed by the Debtor to You, and Identify all Documents and Persons supporting that contention.

**RESPONSE:**

**INTERROGATORY NO. 4:** Describe in detail all consideration or value that You provided to the Debtor in connection with the Transfers, identifying the nature, amount(s), description, and date(s) of any such consideration or value.

**RESPONSE:**

**INTERROGATORY NO. 5:** Describe in detail the subsequent use or disposition of all funds constituting the Transfers, from the date of each Transfer through the Petition Date, identifying each expenditure, transfer, or investment of such funds, including the recipient(s), amount(s), date(s), and purpose of each.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify each amount or obligation that You contend the Debtor owed to You as of the date of the Transfers, and for each such amount or obligation state: (a) the nature of the obligation; (b) the date the obligation arose; (c) the dollar amount; (d) the legal or contractual basis for the obligation; and (e) all Documents evidencing or supporting such obligation.

**RESPONSE:**

**INTERROGATORY NO. 7:** Describe in detail how the funds comprising the Transfers were used to pay the Family Office Card, including the date and amount of each such payment.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that Toby personally owns 44.5% of You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that Melissa personally owns 44.5% of You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that Toby served as the managing member of Skytop at the time of the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that Skytop is Your general partner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that Toby personally directed and controlled Your financial affairs in December 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that Toby personally directed and controlled Your financial affairs in February 2022.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that, at the time of the Transfers, Toby had authority to control the financial affairs of the Debtor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that Your business address was the same as GloriFi's headquarters at the time of the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that, on December 17, 2021, the Debtor transferred $135,216.86 to You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that, on December 31, 2021, the Debtor transferred $55,261.98 to You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that, on February 7, 2022, the Debtor transferred $4,159.33 to You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that the Transfers were not made in exchange for any services or work You performed for the Debtor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that the Transfers were not made in exchange for any asset, property, or other contemporaneous value You provided to the Debtor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that the Debtor did not receive any new money, property, services, or other value from You in exchange for the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that You have not returned any portion of the Transfers to the Debtor or its estate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that no written promissory note was executed by the Debtor evidencing any obligation to repay any portion of the Transfers to You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that no written loan agreement was executed by the Debtor evidencing any obligation to repay any portion of the Transfers to You.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that no interest rate was established or agreed upon in connection with the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that no maturity date was established or agreed upon in connection with the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that at no point during the Debtor's existence was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of the Debtor to repay any portion of the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that no other loan, advance, or extension of credit from You to the Debtor was documented in a written promissory note or loan agreement at any time before the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that, in some of the Debtor's records, the Transfers are designated as a "related party" transaction.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit that, in some of the Debtor's records, the Transfers are designated as an "inter-company payable."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Admit that, in some of the Debtor's records, the Transfers are designated as repayments of "loans" to the Debtor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Admit that no board resolution, written consent of the Debtor's directors, or other corporate authorization document of the Debtor specifically authorized the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Admit that no resolution, written consent of Your general or limited partners, or other authorization document of Yours, specifically authorized the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Admit that Bryan Joiner was aware of the Transfers prior to the time they were made.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit that at least a portion of the funds comprising the Transfers was used to pay the Family Office Card.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Admit that the Debtor had generated no revenue as of December 17, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Admit that, at the time of the Transfers, You knew that the Debtor had generated no revenue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Admit that the Debtor had no operating revenue from its core business operations at any point from its formation through the date of the Transfers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Admit that, at the time of the Transfers, You knew the Debtor had no operating revenue from its core business operations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Admit that, at the time of the Transfers, You were aware of the Debtor's financial condition, including its cash position and outstanding obligations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Admit that, at the time of the Transfers, the Debtor owed amounts to at least one creditor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Admit that, at the time of the Transfers, You were aware that the Debtor had at least one creditor that had not yet been repaid.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 36:** Admit that, after the Transfers, the Debtor lacked sufficient funds to satisfy its outstanding obligations to all of its creditors.

**RESPONSE:**

# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **ANIMO SERVICES, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | **Case No. 23-30035-MVL-7** |
| ------------------------------------------------ | § | ------------------------------------------------ |
| **AREYA HOLDER AURZADA, TRUSTEE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Adv. No. 25-03017-mvl** |
| **BLACKSTONE INVESTMENTS I, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**BLACKSTONE INVESTMENTS I, LTD'S.**
**OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF DISCOVERY**

TO: Areya Holder Aurzada, by and through her counsel of record Chase J. Potter, Joshua J. Iacuone and Joshua L. Shepherd, IACUONE MCALLISTER POTTER, Energy Square One 4925 Greenville Ave., Suite 1112, Dallas, Texas 75206.

Pursuant to Rules 33, 34, and 36 of the FEDERAL RULES OF CIVIL PROCEDURE and Rules 7033, 7034, and 7036 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE Defendant Blackstone Investments I, Ltd. ("Blackstone" or "Defendant") hereby serves its objections and responses to Plaintiff Areya Holder Aurzada's ("Plaintiff" or "Trustee") First Set of Discovery Requests (the "Requests").

Date: September 9, 2026

*<u>/s/ Jeffrey M. Tillotson</u>*

Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Enrique Ramirez
Texas Bar No. 24122158
eramirez@tillotsonlaw.com
Ian Miller
Texas Bar No. 24149222
imiller@tillotsonlaw.com

**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR BLACKSTONE INVESTMENTS I, LTD**

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, a true and correct copy of the foregoing document was served to counsel for the Trustee.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson

## GLOBAL OBJECTIONS

1. Defendant will produce financial records concerning the Transfers, to the extent they exist. However, Defendant objects to requests concerning other financial records because those requests are overbroad, disproportionate to the needs of this case, and irrelevant. Specifically, other financial records of Blackstone unrelated to the Transfers are not at issue in this adversary proceeding and do not concern any claim or defense. Defendant agrees to produce financial records in a redacted format.

## OBJECTIONS AND RESPONSES TO FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents identified in, described in, or supporting Your Initial Disclosures served in the Adversary Proceeding, including all Documents within the categories of "Financial records regarding expenses" and "Transaction Records."

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 2:** All Documents regarding Your formation, ownership, membership interests, partnership interests, capitalization, and management, including without limitation Your certificate of formation, limited partnership agreement or company agreement and all amendments, and Documents sufficient to identify each of Your general partners, limited partners, officers, directors, managers, and employees from formation through the present.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because Defendant's ownership interest is not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 3:** All of Your financial statements, balance sheets, income statements, general ledgers, and accounting records for the period January 1, 2021, through the present.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because Defendant's financial records contain transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 4:** All of Your federal and state tax returns, including all schedules and K-1s, for tax years 2021 through 2023.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because Defendant's tax returns encompass financial transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to identify every bank account maintained by You or for Your benefit from January 1, 2021, through the present, including the authorized signatories on each account.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because Defendant's bank accounts encompass financial transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 6:** All bank account statements, wire transfer records, ACH records, cancelled checks, and other account documents regarding Your bank account at Frost Bank with an account number ending in 0119 for the period of October 1, 2021, through March 31, 2022, including all transaction histories, account statements, and wire confirmation notices.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because it encompasses financial transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 7:** All bank account statements, wire transfer records, ACH records, cancelled checks, and other account documents regarding transfers to You from the Debtor's bank account at Frost Bank with an account number ending in 2975 for the period of October 1, 2021, through March 31, 2022, including all transaction histories, account statements, and wire confirmation notices.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 8:** All Documents, including without limitation any promissory note, loan agreement, credit agreement, written acknowledgment of indebtedness, board resolution, or other written instrument evidencing or reflecting any obligation by the Debtor to repay to You the $194,638.21 comprising the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 9:** All Communications between You and any Representative of the Debtor regarding the terms, conditions, interest rate, maturity date, repayment schedule, or any other aspect of any obligation of the Debtor to repay to You the $194,638.21 comprising the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and/or Communications regarding the characterization, classification, and/or treatment of the $194,638.21 comprising the Transfers, including without limitation Documents and/or Communications designating any portion of the Transfers as a "related party" transaction, an "inter-company payable," a repayment of "loans," or an advancement of expenses.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 11:** All Documents regarding, reflecting, or relating to any expenses You contend You advanced on behalf of the Debtor, including without limitation invoices, receipts, expense reports, and accounting entries substantiating each such expense, for the period January 1, 2021, through the Petition Date.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 12:** All Documents reflecting any loans or advances made by You to the Debtor from January 1, 2021, through the Petition Date.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 13:** All Documents reflecting any capital contributions or investments made by You in the Debtor from January 1, 2021, through the Petition Date.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 14:** All Communications between You and any Representative of the Debtor regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 15:** All Communications between You and Toby regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 16:** All Communications between You and Bryan Joiner regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 17:** All Communications between You and Gardner Bell regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 18:** All Communications between You and William Conroy regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 19:** All Communications between You and Jin Kang regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 20:** All Documents regarding, reflecting, or relating to any instruction, direction, or authorization by any Person for the Debtor to transfer any portion of the Transfers to You, including without limitation all wire transfer instructions, e-mails, text messages, and payment authorizations.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 21:** To the extent not encompassed by a previous Request, all Communications on December 17, 2021, December 31, 2021, and/or February 7, 2022, regarding the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 22:** All Documents and/or Communications regarding any subsequent transfer, disposition, investment, or use of the funds comprising the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and/or Communications regarding the Family Office Card, including without limitation all statements, charge records, and payment records for the Family Office Card for the period October 1, 2021, through March 31, 2022.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because it encompasses financial transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request..

**REQUEST FOR PRODUCTION NO. 24:** All Documents and/or Communications regarding any payment made toward the Family Office Card using any portion of the funds comprising the Transfers.

**RESPONSE:**Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 25:** Documents sufficient to identify each Person authorized to incur charges on the Family Office Card and each Person responsible for paying the Family Office Card.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because it encompasses financial transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 26:** All board minutes, meeting minutes, written consents of directors, officers, general partners, or managers, partnership resolutions, or other corporate or partnership authorization documents of You and/or the Debtor authorizing, reflecting, or otherwise relating to the Transfers, including any Documents evidencing the absence of such authorization. If no responsive materials exist, You must state "none".

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 27:** All organizational charts, structure charts, or similar Documents regarding You, Skytop, and/or the relationship between You and Skytop, for the period January 1, 2018, through the present.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because the general relationship between it and Skytop does not bear on a claim or defense in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 28:** Documents sufficient to show the ownership or membership interests of Toby and Melissa in You, individually and collectively, from January 1, 2018, through the present.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because Defendant's ownership interest is not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 29:** All Documents regarding any business, transaction, or financial relationship between You and the Debtor other than the Transfers, for the period January 1, 2021, through the Petition Date.

**RESPONSE:** Defendant objects that this request is irrelevant and overbroad because it encompasses financial transactions not at issue in this adversary proceeding. Defendant is willing to confer about this request.

**REQUEST FOR PRODUCTION NO. 30:** All text messages and messaging-application Communications—including without limitation iMessage, WhatsApp, Signal, and any other messaging platform or application, whether on personal or business devices or accounts—sent or received by any of Your general partners, limited partners, officers, or Representatives regarding the Transfers or the Family Office Card.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 31:** All Documents regarding the financial condition, liquidity, solvency, or capital position of the Debtor from the time of its formation through the Petition Date, including without limitation cash position reports, burn-rate models, financial projections, and board presentations.

**RESPONSE:**Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 32:** All Documents and/or Communications regarding Your knowledge, prior to December 17, 2021, of the Debtor's financial condition, solvency, liquidity, capital adequacy, and/or ability to pay its debts.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 33:** All Documents and/or Communications regarding Your knowledge, prior to December 17, 2021, of any creditors of the Debtor that had not yet been repaid.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 34:** All Documents supporting Your Affirmative Defense that You are entitled to an offset for amounts allegedly owed to You by the Debtor.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 35:** All Documents supporting Your Affirmative Defense that the Transfers were payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and You and were made according to ordinary business terms.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 36:** All Documents supporting Your Affirmative Defense that the Debtor received reasonably equivalent value for the Transfers.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 37:** All Documents supporting Your Affirmative Defense that Plaintiff is estopped from asserting the claims in this Adversary Proceeding because the Transfers benefitted the "Debtor and were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence."

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 38:** All Documents regarding any agreement, arrangement, or understanding by which any Person other than You is paying, advancing, indemnifying, or reimbursing Your attorneys' fees or litigation expenses in this Adversary Proceeding.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 39:** Documents sufficient to show the date, scope, and recipients of any litigation hold or preservation notice issued regarding the Adversary Proceeding or the Bankruptcy Case.

**RESPONSE:** Defendant agrees to produce documents responsive to this request, subject to the parties agreeing on a discovery protocol.

**REQUEST FOR PRODUCTION NO. 40:** All Documents, analyses, or expert reports You intend to use or rely upon regarding the Debtor's financial condition at the time of the Transfers.

**RESPONSE:** Defendant will produce expert reports per the scheduling order.

**REQUEST FOR PRODUCTION NO. 41:** All Documents regarding any expert witness whom You intend to call or may call at trial or at any evidentiary hearing in this Adversary Proceeding, including, but not limited to, any expert reports, reliance materials, underlying data, methodologies, and engagement letters or compensation agreements.

**RESPONSE:** Defendant will produce expert materials per the scheduling order.

**REQUEST FOR PRODUCTION NO. 42:** The curriculum vitae or resume of each expert witness whom You intend to call or may call at trial, along with a list of all publications authored by such expert in the last ten (10) years and a list of all cases in which such expert has testified as an expert at trial or by deposition in the last four (4) years, as required by Federal Rule of Civil Procedure 26(a)(2)(B).

**RESPONSE:** Defendant will produce expert materials per the scheduling order.

**REQUEST FOR PRODUCTION NO. 43:** All Documents that You intend to offer or may offer as exhibits at trial or at any evidentiary hearing in this Adversary Proceeding.

**RESPONSE:** Defendant will produce exhibits per the scheduling order.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by Bates number each and every document produced by You in response to Request for Production No. 1.

**RESPONSE:** Defendant is willing to agree on a discovery search protocol where the parties agree on search terms to be run on a database of potentially responsive documents. The documents produced subject to that protocol will be Bates labeled. Defendant is willing to confer about this matter.

**INTERROGATORY NO. 2:** Identify each Person who directed, authorized, approved, or effectuated the Transfers on Your behalf, and describe the role of each such Person and the authority under which each acted.

**RESPONSE:** At this time, fact discovery is ongoing. Defendant will look for evidence responsive to this interrogatory.

**INTERROGATORY NO. 3:** State all facts supporting Your contention, if You so contend, that the Transfers constituted repayment of a legitimate debt owed by the Debtor to You, and Identify all Documents and Persons supporting that contention.

**RESPONSE:** Defendant objects that this interrogatory is a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2), as fact discovery is ongoing and Defendant has not yet had a full opportunity to investigate the facts. Defendant reserves the right to supplement this response as discovery proceeds pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 4:** Describe in detail all consideration or value that You provided to the Debtor in connection with the Transfers, identifying the nature, amount(s), description, and date(s) of any such consideration or value.

**RESPONSE:** Defendant objects that this interrogatory is a premature contention interrogatory under Fed. R. Civ. P. 33(a)(2), as fact discovery is ongoing. Defendant reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 5:** Describe in detail the subsequent use or disposition of all funds constituting the Transfers, from the date of each Transfer through the Petition Date, identifying each expenditure, transfer, or investment of such funds, including the recipient(s), amount(s), date(s), and purpose of each.

**RESPONSE:** At this time, fact discovery is ongoing. Defendant will look for evidence responsive to this interrogatory.

**INTERROGATORY NO. 6:** Identify each amount or obligation that You contend the Debtor owed to You as of the date of the Transfers, and for each such amount or obligation state: (a) the nature of the obligation; (b) the date the obligation arose; (c) the dollar amount; (d) the legal or

contractual basis for the obligation; and (e) all Documents evidencing or supporting such obligation.

**RESPONSE:** At this time, fact discovery is ongoing. Defendant will look for evidence responsive to this interrogatory.

**INTERROGATORY NO. 7:** Describe in detail how the funds comprising the Transfers were used to pay the Family Office Card, including the date and amount of each such payment.

**RESPONSE:** At this time, fact discovery is ongoing. Defendant will look for evidence responsive to this interrogatory.

**OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that Toby personally owns 44.5% of You.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 2:** Admit that Melissa personally owns 44.5% of You.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that Toby served as the managing member of Skytop at the time of the Transfers.

**RESPONSE:** Admitted

**REQUEST FOR ADMISSION NO. 4:** Admit that Skytop is Your general partner.

**RESPONSE:** Admitted

**REQUEST FOR ADMISSION NO. 5:** Admit that Toby personally directed and controlled Your financial affairs in December 2021.

**RESPONSE:** Denied as phrased. To the extent this Request asks Defendant to characterize the scope of Toby's authority in legal terms, Defendant objects that "personally directed and controlled" is vague and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 6:** Admit that Toby personally directed and controlled Your financial affairs in February 2022.

**RESPONSE:** Denied as phrased. To the extent this Request asks Defendant to characterize the scope of Toby's authority in legal terms, Defendant objects that "personally directed and controlled" is vague and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 7:** Admit that, at the time of the Transfers, Toby had authority to control the financial affairs of the Debtor.

**RESPONSE:** Denied as phrased. To the extent this Request asks Defendant to characterize the scope of Toby's authority in legal terms, Defendant objects that "authority to control" is vague and calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 8:** Admit that Your business address was the same as GloriFi's headquarters at the time of the Transfers.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 9:** Admit that, on December 17, 2021, the Debtor transferred $135,216.86 to You.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 10:** Admit that, on December 31, 2021, the Debtor transferred $55,261.98 to You.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that, on February 7, 2022, the Debtor transferred $4,159.33 to You.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 12:** Admit that the Transfers were not made in exchange for any services or work You performed for the Debtor.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that the Transfers were not made in exchange for any asset, property, or other contemporaneous value You provided to the Debtor.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 14:** Admit that the Debtor did not receive any new money, property, services, or other value from You in exchange for the Transfers.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 15:** Admit that You have not returned any portion of the Transfers to the Debtor or its estate.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 16:** Admit that no written promissory note was executed by the Debtor evidencing any obligation to repay any portion of the Transfers to You.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 17:** Admit that no written loan agreement was executed by the Debtor evidencing any obligation to repay any portion of the Transfers to You.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 18:** Admit that no interest rate was established or agreed upon in connection with the Transfers.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 19:** Admit that no maturity date was established or agreed upon in connection with the Transfers.

**RESPONSE:**Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 20:** Admit that at no point during the Debtor's existence was any promissory note, loan agreement, or other debt instrument executed reflecting an obligation of the Debtor to repay any portion of the Transfers.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 21:** Admit that no other loan, advance, or extension of credit from You to the Debtor was documented in a written promissory note or loan agreement at any time before the Transfers.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 22:** Admit that, in some of the Debtor's records, the Transfers are designated as a "related party" transaction.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 23:** Admit that, in some of the Debtor's records, the Transfers are designated as an "inter-company payable."

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 24:** Admit that, in some of the Debtor's records, the Transfers are designated as repayments of "loans" to the Debtor.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 25:** Admit that no board resolution, written consent of the Debtor's directors, or other corporate authorization document of the Debtor specifically authorized the Transfers.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 26:** Admit that no resolution, written consent of Your general or limited partners, or other authorization document of Yours, specifically authorized the Transfers.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 27:** Admit that Bryan Joiner was aware of the Transfers prior to the time they were made.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 28:** Admit that at least a portion of the funds comprising the Transfers was used to pay the Family Office Card.

**RESPONSE:** Defendant does not have sufficient knowledge to admit or deny.

**REQUEST FOR ADMISSION NO. 29:** Admit that the Debtor had generated no revenue as of December 17, 2021.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 30:** Admit that, at the time of the Transfers, You knew that the Debtor had generated no revenue.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 31:** Admit that the Debtor had no operating revenue from its core business operations at any point from its formation through the date of the Transfers.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 32:** Admit that, at the time of the Transfers, You knew the Debtor had no operating revenue from its core business operations.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 33:** Admit that, at the time of the Transfers, You were aware of the Debtor's financial condition, including its cash position and outstanding obligations.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 34:** Admit that, at the time of the Transfers, the Debtor owed amounts to at least one creditor.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 35:** Admit that, at the time of the Transfers, You were aware that the Debtor had at least one creditor that had not yet been repaid.

**RESPONSE:** Denied as phrased.

**REQUEST FOR ADMISSION NO. 36:** Admit that, after the Transfers, the Debtor lacked sufficient funds to satisfy its outstanding obligations to all of its creditors.

**RESPONSE:** Denied as phrased.

# EXHIBIT C

Outlook

**RE: Service of Defendants' Objections and Responses to Trustees' First Sets of Discovery**

**From** Ben Weible <weible@imcplaw.com>
**Date** Thu 2026-10-01 17:14
**To** Jeff Tillotson <jtillotson@tillotsonlaw.com>; Enrique Ramirez <eramirez@tillotsonlaw.com>; Ian Miller <imiller@tillotsonlaw.com>
**Cc** Chase Potter <potter@imcplaw.com>; Emily Cabrera <emily@imcplaw.com>; Joshua Shepherd <shepherd@imcplaw.com>; Ryan Anderson <anderson@imcplaw.com>

3 attachments (3 MB)
WPI & ASL - Various Discovery Requests; WPI/Blackstone -- service email -- Trustee's First Set of Discovery to Defendant ; ASL/Neugebauers -- service email -- Trustee's First Set of Discovery to Defendants;

Good afternoon, Enrique,

Thank you for serving the responses. We recognize that your clients are willing to confer on a number of their objections, and we are happy to confer on the objections. We also need to confer quickly on the lack of substantive interrogatory responses. In the meantime, Defendants should be able to produce responsive documents in short order.

Each set of production responses identifies a significant number of documents that your clients have agreed to produce without objection. There is no reason to delay that production. While we note that many of the Defendants' responses condition production on "the parties agreeing on a discovery protocol," we are unaware of a required protocol outside the Federal Rules. If you refuse to produce the records absent this undefined protocol, please advise and provide the basis for your refusal no later than **October 7, 2026**. We can consider this communication our conference on that discrete matter.

In any event, while reserving all rights to requested discovery, we request that responsive documents be produced no later than **October 15, 2026**.

Documents by matter:

1. Blackstone Investments I, Ltd. – Seidel v. Blackstone, Adv. No. 25-03014 (In re With Purpose, Inc.) – Defendant agreed to produce the financial records concerning the Transfers. We request that you produce all such records along with documents responsive to the following, to which Defendant did not object:

- RFP 1, 7–15
- RFP 16-24 – Defendant represented that it was unable to locate those requests. They were included in the Trustee's First Set of Discovery served July 27, 2026, at page 11, directly after RFP 15 and before RFP 25. A copy of the set as served is attached. A copy was also provided with Anna Richardson's follow-up email, attached. Defendant's response states a search found no responsive documents and then objects to requests Blackstone says it has not seen. We have been able to locate no substantive responses, timely or otherwise. Without waiving our client's rights under the Rules, we request that you provide those responses without objection immediately.
- RFP 26, 30 – 40

2. Blackstone Investments I, Ltd. – Aurzada v. Blackstone, Adv. No. 25-03017 (In re Animo Services, LLC) - Defendant agreed to produce the financial records concerning the Transfers. We request that you produce all such records along with documents responsive to the following, to which Defendant did not object:

- RFP 1, 7–22, 24, 26, 30–39

3. Toby Neugebauer – Aurzada v. Neugebauer, Adv. No. 25-03015 (In re Animo Services, LLC) – We request that you produce documents responsive to the following, to which Defendant did not object:

- RFP 1, 3–22, 25–30, 34–56

(Incidentally, Defendants' response states that RFA 38–46 were not included with the set as served. RFA 38–46 appear at page 23 of the Trustee's First Set of Discovery served July 27, 2026, between RFA 37 and RFA 47. A copy of the set as served is attached. Defendants' conditional responses are not proper under Rule 36(a)(4).)

4. Melissa Neugebauer – Aurzada v. Neugebauer, Adv. No. 25-03015 (In re Animo Services, LLC) - Defendant did not object to the following:

- RFP 1, 3–22, 25–30, 34–55

We look forward to your prompt response to the foregoing. For the avoidance of doubt, we reserve all rights in connection with discovery in these matters.

Thanks,

Ben Weible
*Board Certified, Construction Law –*
*Texas Board of Legal Specialization*
**Iacuone McAllister Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
214.432.1536
Direct: 469.663.4446
weible@imcplaw.com
*https://www.imcplaw.com/*

**From:** Enrique Ramirez <eramirez@tillotsonlaw.com>
**Sent:** Wednesday, September 9, 2026 5:55 PM
**To:** Chase Potter <potter@imcplaw.com>; Emily Cabrera <emily@imcplaw.com>; Nick McCarthy <mccarthy@imcplaw.com>; Joshua Iacuone <josh@imcplaw.com>; Anna Richardson <anna@imcplaw.com>
**Cc:** Ian Miller <imiller@tillotsonlaw.com>; Jeff Tillotson <jtillotson@tillotsonlaw.com>
**Subject:** Service of Defendants' Objections and Responses to Trustees' First Sets of Discovery

Counsel,

Please find served herewith the following discovery responses, dated September 9, 2026:

- Blackstone Investments I, Ltd.'s Objections and Responses to Trustee's First Set of Discovery - *Seidel v. Blackstone Investments I, Ltd*., Adv. No. 25-03014-mvl (*In Re: With Purpose, Inc*., Case No. 23-30246-MVL-7);
- Blackstone Investments I, Ltd.'s Objections and Responses to Trustee's First Set of Discovery - Adv. No. 25-03017-mvl;
- Toby Neugebauer's Objections and Responses to Trustee's First Set of Discovery - *Aurzada v. Neugebauer et al*., Adv. No. 25-03015-mvl (*In Re: Animo Services, LLC*, Case No. 23-30035-MVL-7); and
- Melissa Neugebauer's Objections and Responses to Trustee's First Set of Discovery - *Aurzada v. Neugebauer et al*., Adv. No. 25-03015-mvl (*In Re: Animo Services, LLC*, Case No. 23-30035-MVL-7).

Best regards,

Enrique Ramirez
Associate Attorney

TILLOTSON PATTON | TRIAL TESTED

1201 Main Street, Suite 1300
Dallas, Texas 75202
O: (214) 382-3047
C: (512) 351-1383
eramirez@tillotsonlaw.com