**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>**ANIMO SERVICES, LLC,**<br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 23-30035-mvl-7**<br>**Chapter 7** |
| **AREYA HOLDER AURZADA, TRUSTEE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BLACKSTONE INVESTMENTS I, LTD.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03017-mvl** |

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT</u>**

Defendant Blackstone Investments I, Ltd. ("Blackstone" or "Defendant") hereby files this response in opposition to the Trustee's Motion to Compel Discovery from Defendant Blackstone Investments I, Ltd. and Brief in Support, filed October 22, 2026 (Adv. Dkt. No 13) (the "Motion"), and shows as follows:

## I. SUMMARY OF RESPONSE

The Trustee's Motion asks the Court to compel Blackstone to produce documents in response to the requests for production to which Blackstone agreed to produce, subject to the parties agreeing on a discovery protocol—RFP Nos. 1, 7-22, 24, 26, and 30-39 (the "Agreed Requests"). Motion ¶ 1, at 6. Blackstone has produced responsive documents. On November 2, 2026, Blackstone produced 113 documents, totaling 573 pages, Bates-labeled

BLACKSTONE_AURZADA_000001 through BLACKSTONE_AURZADA_000573, consisting of financial records directed to the specific Transfers at issue. *See* Exhibit A (Nov. 2, 2026 transmittal email). The Motion is therefore moot as to the documents already produced, and further relief is unnecessary.

The Court should deny the Trustee's request for expenses under Rule 37(a)(5)(A). On the protocol issue at the center of the Motion, the Trustee's only pre-filing effort was a single email that declared itself "our conference on that discrete matter"; no live conference on these issues occurred before the Motion was filed. Blackstone's position—that electronically stored information should be collected under an agreed search protocol consistent with the proportionality requirements of Rule 26(b)(1)—was substantially justified. And the circumstances as a whole make an award unjust: Blackstone made a targeted production about three months before the close of discovery, the Trustee has suffered no prejudice, and the Trustee has herself produced nothing.

## II. BRIEF FACTUAL BACKGROUND

The Trustee seeks to avoid and recover transfers from the Debtor, Animo Services, LLC (the "Debtor"), to Blackstone totaling not less than $194,638.21, made between December 17, 2021, and February 7, 2022 (the "Transfers"). Adv. Dkt. No. 10 ¶¶ 11-12. Discovery is set to close on February 1, 2027. Adv. Dkt. No. 12 at 2.

The Trustee served her First Set of Discovery on Blackstone on July 27, 2026 (the "Requests"), and, after an agreed extension, Blackstone served its Objections and Responses on September 9, 2026 (the "Responses"). Trustee Ex. A at App. 001-021; Trustee Ex. B at App. 022-038. In response to the Agreed Requests, Blackstone stated that it would produce

responsive documents, subject to the parties agreeing on a discovery protocol. Trustee Ex. B at App. 022-038.

Blackstone's reference to a discovery protocol was not a refusal to produce. It reflected Blackstone's good-faith view that the parties should agree on custodians, date ranges, and search terms before Blackstone undertook the collection and review of electronically stored information, so that discovery would be proportional to the needs of a case involving three discrete Transfers. On October 1, 2026, the Trustee's counsel sent an email regarding the Agreed Requests that set deadlines of October 7 and October 15, 2026, offered to confer on Blackstone's objections, and, as to the protocol, stated: "We can consider this communication our conference on that discrete matter." Trustee Ex. C at App. 039-041. Blackstone did not respond to that email in writing. The Trustee filed the Motion on October 22, 2026, without any live conference on these issues between counsel. Adv. Dkt. No. 13. Blackstone served its production on November 2, 2026. Exhibit A.

On November 2, 2026—about three months before the February 1, 2027 close of discovery—Blackstone produced 113 documents, totaling 573 pages, Bates-labeled BLACKSTONE_AURZADA_000001 through BLACKSTONE_AURZADA_000573 (the "Production"). *See* Ex. A, Nov. 2, 2026 transmittal email. The Production was the product of targeted searches directed to the specific Transfers and includes vendor payables, budgets, balance sheets and other accounting documents, financial statements, bank statements, audits, expense reimbursements, cash flow forecasts, and records of intercompany expenses. These documents go to the core issues in this case: what money was transferred, and how the Debtor treated it.

## III. ARGUMENT AND AUTHORITIES

### A. The Motion Is Moot Because Blackstone Has Produced Documents Responsive to the Agreed Requests.

The Motion seeks a single category of relief: an order compelling Blackstone to produce documents in response to the Agreed Requests. Motion ¶¶ 1-2, 15, at 6. The Trustee expressly limited the Motion to those requests and did not seek relief on Blackstone's interrogatory answers, its responses to requests for admission, or any request for production to which Blackstone objected. *Id.* at 2 n.2.

The Trustee's proposed order, however, goes well beyond footnote 2. It would compel Blackstone to produce "all non-privileged documents within its possession, custody, or control responsive to the requests for production contained in the Trustee's First Set of Discovery"—every request for production, including those to which Blackstone objected and for which the Motion expressly seeks no relief. Proposed Order ¶ 1, Adv. Dkt. No. 13-1. The Motion offers no argument for that broader relief, and the Court should not grant it. To the extent any relief is granted, it should be confined to the Agreed Requests.

Blackstone has now produced the financial records the Agreed Requests seek and has committed to complete the remainder by a date certain. Blackstone's Production of 573 pages of financial, accounting, and banking records directed to the Transfers satisfies its commitment to produce financial records concerning the Transfers. A motion to compel production is moot where the responding party has produced the documents sought. *Collins v. Catastrophe Response Unit USA, Inc.*, No. 4:22-CV-1073-SDJ, 2026 U.S. Dist. LEXIS 155087, at *7 (E.D. Tex. July 14, 2026) (denying motion to compel as moot where non-movant produced responsive documents and materials); *Blades v. Martin Marietta Materials, Inc.*, Civil

Action No. 2:24-CV-00055-AM-MHW, 2025 U.S. Dist. LEXIS 187197, at *4 (W.D. Tex. July 25, 2025) (same); *Maxell, Ltd. v. Coretronic Corp.*, No. 5:24-cv-88-RWS-JBB, 2025 U.S. Dist. LEXIS 255037, at *2 (E.D. Tex. July 29, 2025) (same). There is nothing left for the Court to compel as to the documents produced. Blackstone produced within the discovery period, about three months before the February 1, 2027 deadline, leaving the Trustee ample time to review the Production, raise any specific deficiency, and complete any follow-up discovery. Should the Trustee believe any particular category of documents is missing, the proper course is a focused conference with Blackstone—not an order compelling production that has already occurred.

The Trustee relies on *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014), and *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018), for the proposition that a responding party must fully answer each request to the extent it is not objectionable and affirmatively explain whether responsive documents have been withheld. Motion ¶ 14. Blackstone does not dispute those principles. It has produced responsive documents to the Agreed Requests, and *Heller* and *Lopez* provide no basis for further relief on the Motion.

**B. The Court Should Deny the Trustee's Request for Expenses Under Rule 37(a)(5)(A).**

Rule 37 applies in this adversary proceeding. FED. R. BANKR. P. 7037. Where a motion to compel is granted, or the requested discovery is provided after the motion was filed, Rule 37(a)(5)(A) directs that the court "must not order" payment of expenses if (i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (ii) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (iii) "other circumstances make an award of expenses unjust." FED.

R. CIV. P. 37(a)(5)(A)(i)–(iii). Each exception applies here.

***First***, the Trustee's pre-filing conference efforts weigh against an award. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); *see also* L.B.R. 7007-1(b). Blackstone acknowledges that the Trustee's October 1, 2026 email offered to confer and that Blackstone did not respond in writing. But on the protocol issue at the heart of the Motion, the only effort was that single email, which declared that it would serve as "our conference on that discrete matter." Trustee Ex. C at App. 039-041. No live conference on these issues—by telephone, videoconference, or in person—took place before the Trustee filed the Motion. This weighs against an award of expenses under Rule 37(a)(5)(A)(i). Moreover, neither the Motion's prayer nor the proposed order asks for fees. *See* Motion at 6; Adv. Dkt. No. 13-1.

***Second***, Blackstone's position was substantially justified. "A party's discovery conduct is found to be substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024) (internal quotation marks and citation omitted). Rule 26(b)(1) limits discovery to matters "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1); *see Faulkner v. Ford Motor Credit Co. (In re Reagor-Dykes Motors, LP)*, Adv. No. 20-05005, 2021 Bankr. LEXIS 3004, at *2-3

(Bankr. N.D. Tex. Oct. 29, 2021). The Court may also for good cause specify the terms of discovery, FED. R. CIV. P. 26(c)(1)(B). This case concerns three Transfers totaling not less than $194,638.21. Adv. Dkt. No. 10 ¶¶ 11-12. Blackstone did not dispute what it would produce; its position concerned how electronically stored information would be collected. The Requests call for text and messaging-application communications on personal and business devices and demand production with dozens of specified metadata fields. Trustee Ex. A at App. 005-006, 008, 010-016. Seeking agreement on custodians, date ranges, and search terms before collecting and reviewing electronically stored information was a reasonable method of conducting that collection in a case of this size.

Blackstone's approach was also borne out by the result. As Blackstone's counsel represents, Blackstone's November 2, 2026 production consisted of 113 documents, totaling 573 pages, Bates-labeled BLACKSTONE_AURZADA_000001 through BLACKSTONE_AURZADA_000573, and was the product of targeted searches directed to the specific Transfers at issue rather than an untargeted collection of electronically stored information. That is precisely the kind of proportional, tailored discovery that Rules 26(b)(1) and 26(c)(1)(B) contemplate. A good-faith effort to agree on the method of ESI collection is a position on which reasonable people could differ, and it was substantially justified—not an effort to avoid Blackstone's discovery obligations.

***Third***, the circumstances, taken together, make an award unjust under Rule 37(a)(5)(A)(iii). FED. R. CIV. P. 37(a)(5)(A)(iii). Blackstone produced 113 documents, totaling 573 pages (BLACKSTONE_AURZADA_000001 through BLACKSTONE_AURZADA_000573), on November 2, 2026—about three months before

the February 1, 2027 close of discovery. Adv. Dkt. No. 12 at 2. The Trustee has ample time to review the Production and pursue any follow-up discovery, and has identified no prejudice. To the extent the timing of the Production affects the Trustee's expert disclosures, due November 19, 2026, Blackstone will agree to a reasonable extension of the Trustee's expert-disclosure deadline. Blackstone's pursuit of a protocol was a good-faith effort to keep discovery proportional. No one of these circumstances need be independently dispositive; in combination, they make an award of expenses unjust. The Court should decline to award expenses.

## IV. Conclusion and Prayer

Defendant Blackstone Investments I, Ltd. respectfully requests that the Court (i) deny the Trustee's Motion to Compel as moot; (ii) deny the Trustee's request for expenses, including attorney's fees, under Rule 37(a)(5)(A); and (iii) grant Blackstone such other and further relief to which it may be justly entitled.

Dated: November 12, 2026

Respectfully submitted,

*/s/ Jeffrey M. Tillotson*

Jeffrey M. Tillotson
State Bar No. 20039200
jtillotson@tillotsonlaw.com
Austen Irrobali
State Bar No. 24092564
airrobali@tillotsonlaw.com
Sara K. Babineaux
State Bar No. 24125102
sbabineaux@tillotsonlaw.com
Ian K. Miller
State Bar No. 24149222
imiller@tillotsonlaw.com
**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above and foregoing document has been served electronically upon all parties or their counsel of record in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure on November 12, 2026.

*/s/ Jeffrey M. Tillotson*
Jeffrey M. Tillotson